**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **LARRY S. SMITH,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| **CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,** | ) Cause No. 1:13-cv-1272-WTL-DKL ) ) ) |
| Defendant. | ) ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Larry S. Smith requests judicial review of the final decision of Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Mr. Smith's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). Having reviewed the record and the parties' briefs, the Court now rules as follows.

### I. APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 404.1520(b).[1] At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not

---

[1] The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to DIB sections only.

required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

## II. BACKGROUND

Larry S. Smith protectively filed for SSI and DIB on April 13, 2011, alleging he became disabled on January 15, 2011, primarily due to coronary artery disease with venous thrombosis and obesity. Mr. Smith has prior relevant work experience as a master assembler.

Mr. Smith's application was denied initially on May 24, 2011, and again upon reconsideration on July 29, 2011. Following the denial upon reconsideration, Mr. Smith requested and received a hearing in front of an Administrative Law Judge ("ALJ"). A video hearing, during which Mr. Smith was represented by counsel, was held in front of ALJ Gregory M. Hamel on February 9, 2012. The ALJ issued his decision denying Mr. Smith's claim on March 27, 2012. The Appeals Council denied Mr. Smith's request for review on June 8, 2013. After the Appeals Council denied review of the ALJ's decision, Mr. Smith filed this timely appeal.

### A. Medical Evidence

The medical evidence of record is aptly set forth in Mr. Smith's brief. Specific pieces of evidence are set forth in the discussion section where relevant.

### B. Hearing Testimony

At the hearing, Mr. Smith testified that he was unable to work due to his back pain and heart condition. He testified that he lived with his wife and six-year-old son and predominantly relied on his wife to take care of the various domestic responsibilities. He noted that while he had a valid driver's license, he did not drive but maybe once or twice per month to get to

3

doctor's appointments. He also testified that he watched television much of the day and did not listen to music or talk to other people.

The ALJ heard testimony from the Vocational Expert ("VE"), Dian Haller. The ALJ asked the VE to consider a hypothetical individual with Mr. Smith's age, education and work experience who could work with the following restrictions: working with less than excessive amounts of pulmonary irritants; working in a position that requires only occasional stair climbing, balancing, stooping, kneeling, crouching, and crawling; and working in a non-hazardous environment (e.g., not at heights or around dangerous machinery). The VE testified that such an individual could perform work as a cashier, bench work assembler, and call center clerk.

### III. THE ALJ'S DECISION

The ALJ determined at step one that Mr. Smith had not engaged in substantial gainful activity since January 1, 2011, the alleged onset date. At steps two and three, the ALJ concluded that Mr. Smith has the severe impairments of "coronary artery disease with venous thrombosis, and obesity," R. at 23, but that his impairments, singly or in combination, did not meet or medically equal a listed impairment. At step four, the ALJ determined that Mr. Smith had the residual functional capacity ("RFC") to perform light work as defined by 20 C.F.R. § 404.1567(b), "except that he should only occasionally climb stairs, balance, stoop, kneel, crouch or crawl, and that he cannot climb ropes, ladders, or work in hazardous environments." *Id*. at 26. Given that RFC, the ALJ determined that he could not perform any of his past relevant work. Finally, at step five the ALJ determined that Mr. Smith could perform a range of light work that exists in the national economy, including work as a cashier and fast food work. Accordingly, the ALJ concluded that Mr. Smith was not disabled as defined by the Act.

4

## IV. DISCUSSION

In his brief in support of his complaint, Mr. Smith argues that the ALJ made two errors, either of which warrant a reversal and/or remand: 1) the ALJ failed to properly explain how the evidence supports the RFC given to Mr. Smith; and 2) the ALJ improperly discredited the opinion of Mr. Smith's treating physician, Dr. David Bain. The Court will address each argument below.

### A. Evidentiary Support for the ALJ's RFC Determination

First, Mr. Smith alleges that the ALJ's determination of Mr. Smith's RFC was erroneous because the ALJ did not cite to specific medical evidence to support his finding. Pl.'s Br., 13-16. The ALJ found that Mr. Smith "has the residual functional capacity to perform light work . . . except that he should only occasionally climb stairs, balance, stoop, kneel, crouch or crawl, and that he cannot climb ropes, ladders, scaffolds, or work in hazardous environments." R. at 26.

Specifically, Mr. Smith asserts that the ALJ's RFC determination is erroneous for two reasons: 1) although the ALJ mentioned Mr. Smith's back pain, he did not discuss how it affected the RFC; and 2) the ALJ failed to account for his dizziness and herniated cervical disc in determining his RFC. Pl.'s Br., 15. The Court disagrees with Mr. Smith's allegations that the ALJ failed to explain how the evidence supports his RFC finding.

An ALJ's findings need only be supported by substantial evidence, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon*, 270 F.3d at 1176. Moreover, as explained by the Seventh Circuit, even if the ALJ "fail[s] to address [certain] specific findings," such will "not render his decision unsupported by substantial evidence because an ALJ need not address every piece of evidence in his decision." *Sims v. Barnhart*, 309 F.3d 424, 429 (7th Cir. 2002) (citations omitted).

Contrary to Mr. Smith's allegations, the ALJ did consider Mr. Smith's back pain in his RFC determination and cited to the medical evidence to support his conclusion. R. at 28. For example, the ALJ explained that "the claimant had lower back muscle tenderness in December 2008, September 2009, and December 2011 (Exhibit 13F, Pages 60, 66, 71-74)" but was skeptical of this alleged pain, as Mr. Smith had normal back signs in "September 2010, December 2010, January 2011, February 2011, March 2011, and November 2011 (Exhibit 13F, pages 3-6, 5-11, 15-18, 23-31, 40-42 and 68-70)." *Id.* Additionally, the ALJ explained that greater RFC limitations were not warranted because "[t]he medical evidence . . . showed some limitation in the cervical spine area but nothing in the lumbar spine area." *Id.* Thus, contrary to Mr. Smith's allegations, the ALJ did consider Mr. Smith's back pain in his RFC determination and cited to the medical evidence in so doing. *Id.*

The ALJ also considered Mr. Smith's complaints of dizziness and herniated cervical disc pain in his RFC determination. The ALJ observed that "there was no strong objective evidence such as x-rays or MRI's to support" a more limited RFC than allotted. *Id.* This observation took into account Mr. Smith's "normal" EEG results and MRI results that showed only "some mild cord signal change." Ex. 13F, at 52-55. These tests were administered due to Mr. Smith's complaints of dizziness and back pain. *Id*.

In all, the Court finds that Mr. Smith's RFC determination was supported by substantial evidence in the record and, contrary to Mr. Smith's allegations, the ALJ did consider Mr. Smith's back pain, dizziness, and herniated cervical disc pain in making his RFC determination. Accordingly, the Court sees no error on this issue.

### B. The Weight Given to Dr. Bain

Mr. Smith next takes issue with the weight the ALJ gave to Mr. Smith's treating physician's (Dr. Bain) medical opinion. Pl.'s Br., 16-19. The ALJ concluded that Dr. Bain's opinion "cannot be given controlling weight . . . because it is not well supported and is not consistent with the overall medical evidence of record, including Dr. Bain's own records." R. at 28. Instead, the ALJ gave Dr. Bain's assessment "only limited weight." *Id.* Dr. Bain's opinion is as follows:

> This letter is being written on behalf of my patient, Larry Smith. it [sic] is to clarify his need for disability. This request is due to the herniated discs and complexity of his back pain and I certify that he is not physically able to lift over 5 lbs [sic] frequently or 10 lbs [sic] occasionally. He is unable to stand or sit more than 15 minutres [sic] hourly. The patient is unable to work on ladders or heavy machinery due to his condition, this would require him to take more than 6 rest breaks daily, lasting 20 minutes or more, [sic] He would not be a reliable employee, as I believe he would be missing more than 4 days of work monthly. It is my opinion that his condition is permanent.

*Id.*

Specifically, Mr. Smith asserts that the ALJ "use[d] the wrong standard [in] determining if the opinion [could] be given controlling weight," Pl.'s Br., 17, because the ALJ found that Dr. Bain's assessment was "*not consistent* with the overall medical evidence of record." R. at 28 (emphasis added). Instead, Mr. Smith correctly contends that the proper standard for determining whether to give controlling weight to a treating physician's opinion is if it is "not inconsistent" with other substantial evidence in the record. Pl.'s Br., 17-18. *See* 20 C.F.R. § 404.127(c)(2) ("If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight."); *see also Lopez-Navarro v. Barnhart*, 207 F. Supp.

7

2d 870, 885 (E.D. Wis. 2002) (pointing out that "not consistent" is not the correct standard for determining the weight to give a treating physician's opinion).

However, as recently clarified by this Court, if the ALJ incorrectly stated the standard as "not consistent" but "was engaged in making [the correct] analysis, then . . . [the ALJ's] error [is] only semantic" (i.e., harmless). *Nelson v. Colvin*, No. 1:13-cv-011410-SEB-DKL, 2014 WL 4329011, at *8 (S.D. Ind. Aug. 27, 2014). Here, the ALJ was engaged in analysis under the correct "not inconsistent" standard, because he discussed and relied on substantial evidence in the record that was *inconsistent* with Dr. Bain's medical opinion.

For example, the ALJ identified progress notes showing Mr. Smith's back tenderness in December 2008, September 2009, and December 2011, while other progress notes showed Mr. Smith had no tenderness in September 2010, December 2010, January 2011, February 2011, March 2011, and November 2011. R. at 28. Additionally, the ALJ pointed out that a May 2011 MRI test found only "mild signal cord damage in the cervical spine area." *Id.* Nor could the ALJ find any "information suggesting the need for regular 20-minute rest breaks or a need to miss a particular number of days of work per month." *Id.* These examples provide a glimpse into the inconsistencies between the evidence in the record and Dr. Bain's medical opinion.[2]

Thus, the ALJ provided a well-reasoned analysis as to why Dr. Bain's assessment was accorded "only limited weight," and thus his analysis is supported by substantial evidence in the record.

---

[2] The Commissioner surmises that these inconsistencies are best understood as a result of unreasoned, unsupported conclusions specifically solicited by Mr. Smith's attorney. Def.'s Br., 9. As observed by the ALJ, Dr. Bain's assessment suggests he was asked questions that mirror specific questions asked of another physician (Dr. Wilson), who declined to render a similar opinion. R. at 27-28, 28 n.4.

## V. CONCLUSION

As set forth above, the ALJ in this case satisfied his obligation to articulate the reasons for his decision, and that decision is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is **AFFIRMED**.

SO ORDERED: 10/21/14

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.